UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00150

**Antoine Thomas,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner Antione Thomas,[1] a prisoner confined within the Texas Department of Criminal Justice and proceeding pro se, petitioned for habeas corpus. Doc. 1. The case was referred to a magistrate judge.

On November 13, 2024, the magistrate judge issued a report and recommendation that petitioner's habeas corpus petition and motions to stay be denied, the case be dismissed with prejudice, and petitioner be denied a certificate of appealability sua sponte. Doc. 66 at 42. The magistrate judge determined that the habeas petition contained both exhausted and unexhausted claims; however, the magistrate judge concluded that petitioner is not entitled to a stay of his case so he can return to state court and exhaust his unexhausted claims because he failed to show good cause for his failure to exhaust and his claims are without merit. *Id.* at 33–35.

Petitioner filed timely objections and a motion for leave to file an amended petition omitting his unexhausted claims. Docs. 75, 77. When timely objections to a magistrate judge's report and recommendation are filed, the court reviews de novo the parts of the report that have been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The court need not consider conclusory or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (citing *Nettles v.*

---

[1] Although the docket spells petitioner's name "Antoine," petitioner spells his name "Antione."

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc)). "Objections are not proper if they merely repeat arguments to which the magistrate judge has already responded." *Vela v. Presley*, No. 2:21-cv-00193, 2022 WL 2452139, at *1 (S.D. Tex. July 6, 2022) (citing *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)). For the following reasons, Petitioner's objections are overruled.

## I. Conflict of interest

Petitioner has repeatedly contended that this court is biased against him. *See* Docs. 12, 65, 75. Specifically, he argues that the undersigned and the magistrate judge should be recused from this case because of adverse rulings against petitioner and the court's knowledge of his case in a separate lawsuit filed in this court. Doc. 75 at 1 (citing *Thomas v. West*, No. 6:22-cv-00030 (E.D. Tex. Nov. 29, 2022)). He also repeats his claim that he did not consent to proceed before a magistrate judge. Doc. 75 at 1.

Petitioner's claims lack merit. First, petitioner's previous case was a civil-rights proceeding that was dismissed under the *Heck* doctrine. The disposition of that civil-rights proceeding—that petitioner's civil-rights claims are barred until the *Heck* conditions are met—is irrelevant to the disposition of this habeas case. Second, a district judge may refer pretrial and preliminary matters to a magistrate judge for either a report and recommendation or resolution. No consent is required. *See Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). While the magistrate judge lacks authority to *resolve* certain dispositive and other motions without the parties' consent, no consent is required for the magistrate judge to handle matters detailed in 28 U.S.C. § 636(b)(1)(A) and (B).

Finally, petitioner provides no basis justifying recusal. His dissatisfaction with court rulings in this case and a separate case is wholly insufficient to demonstrate bias and prejudice. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *see also Hinojosa v. U.S. Bureau of Prisons*, 593 F. App'x 262, 265 (5th Cir. 2014) (per curiam) (unpublished) (finding that

Hinojosa failed to show the judge's partiality because he "point[ed] only to the district court's rulings against him as evidence of bias."). Those objections are overruled.

## II. Substantive objections

Turning to the petitioner's substantive objections to the report, the court notes that petitioner merely relitigates his habeas claims largely without addressing the magistrate judge's analysis. Petitioner doubles down on arguments that the magistrate judge thoroughly evaluated and rejected rather than engaging with the magistrate judge's reasons for rejecting those arguments. Objections do not allow a party "to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge" without a compelling reason, which petitioner has not provided. *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (quoting *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co.*, 747 F. Supp. 1299, 1302–03 (S.D. Ill. 1990)).

Crucially, for his exhausted claims, petitioner failed to demonstrate that the state court's adjudication of his habeas claims was unreasonable or contrary to federal law. Petitioner takes issue with deference afforded to the state court's findings, but deference is the linchpin of federal habeas jurisprudence for prisoners challenging state court convictions. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)) (explaining that AEDPA imposes "a substantially higher threshold" for obtaining relief than a de novo review of whether the state court's determination was correct). And as the magistrate judge noted, "[b]oth the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so." Doc. 66 at 5 (quoting *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) (per curiam)).

Petitioner's unexhausted claims fare no better, and the magistrate judge correctly determined that petitioner is not entitled to a stay so he may now exhaust. In determining whether to grant a stay for the failure to exhaust, the district court must examine three factors: (1) whether there was "good cause for the

- 3 -

petitioner's failure to exhaust his claims first in state court" before proceeding in federal court, (2) whether the petitioner's "unexhausted claims are plainly meritless," and (3) whether the petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines v. Weber,* 544 U.S. 269, 277–78 (2005); *see also Young v. Stephens*, 795 F.3d 484, 494–95 (5th Cir. 2015) ("A 'stay and abeyance should be available only in limited circumstances' because 'staying a federal habeas petition frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings.'" (cleaned up) (quoting *Rhines*, 544 U.S. at 277)).

Here, as the magistrate judge determined, petitioner failed to show good cause, and his claims are without merit. Petitioner filed numerous claims of trial error and ineffective assistance of counsel in state court. His ability to file those claims and inability to explain why he did not raise his unexhausted claims evinces a lack of good cause for his failure to exhaust. The magistrate judge thoroughly explained that petitioner's unexhausted claims are without merit, and petitioner presents nothing demonstrating that those findings are incorrect.

Petitioner fails to show any error in the magistrate judge's report, so his objections are overruled. *See Brown v. Davenport*, 596 U.S. 118, 133 (2022) (explaining that federal habeas is "an 'extraordinary remedy,' reserved for only 'extreme malfunctions in the state criminal justice system'" (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993)).

### III. Requests for discovery, to expand the record, and for an evidentiary hearing

Petitioner also complains that the magistrate judge denied his various requests for discovery, to expand the habeas record, and to hold an evidentiary hearing to prove that his trial counsel provided ineffective assistance. Doc. 75 at 2–5. He now raises those requests again, this time as proposed "alternative" relief. Doc. 75 at 18. Like his other objections, petitioner's contention that discovery would prove his case is based on arguments that the magistrate judge already considered and rejected in the report. And as

explained above, petitioner has not shown that the report erred in any way. Petitioner has not established that the magistrate judge's denials of his prior requests were clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A), and so this court will not revisit those requests. Because the court accepts the report's findings and recommendations as to petitioner's habeas petition, the court denies petitioner's requests as moot insofar as he raises them anew.

### IV. Motion for leave to file an amended petition

Petitioner now seeks to amend his habeas petition to remove his unexhausted claims. Doc. 77. He also filed a proposed amended petition. Doc. 78. As explained in the report, Doc. 66 at 37–38, Texas strictly enforces its abuse-of-the-writ doctrine. Under that doctrine, petitioner does not meet the requirements for a successive petition or application in state court. *See Ramey v. Davis*, 942 F.3d 241, 254 (5th Cir. 2019) ("Ramey did not exhaust these allegations in state court. In Texas, the Court of Criminal Appeals would apply its abuse-of-the-writ doctrine to prohibit Ramey from raising these unexhausted allegations in a successive state habeas application."). Permitting petitioner to remove his unexhausted claims—especially at this late stage of the proceeding—would be futile. Therefore, Petitioner's motion to amend his petition (Doc. 77) is denied.

### V. Conclusion

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendation. Petitioner's motions to stay (Docs. 49, 51) are denied. Because the court accepts the report and recommendation, petitioner's requests for immediate relief or, in the alternative, for discovery, to expand the record, and for an evidentiary hearing (Doc. 75 at 18) are denied. Petitioner's habeas petition is denied, and this case is dismissed with prejudice. Finally, petitioner is denied a certificate of appealability sua sponte. Any pending motions are denied as moot.

*So ordered by the court on September 3, 2025.*

───────────────────────
J. CAMPBELL BARKER
United States District Judge